UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CIVIL ACTION NO. 4:17-CV-40126

| | |
|---|---|
| KAREN PROUTY,<br>    Plaintiff, | )<br>)<br>) |
| v. | )<br>)<br>) |
| RAMAKRISHNA THIPPANNA, M.D.,<br>BOGDAN NEDELESCU, M.D., IDANIS<br>BERRIOS MORALES, M.D., JOHNNY S.<br>SALAMEH, JOHN/JANE DOE, PERSONAL<br>REPRESENTATIVE OF THE ESTATE OF<br>CAROLYN PARKER, R.N., FAIRLAWN<br>MEDICAL INVESTORS, LLC, d/b/a LIFE CARE<br>CENTER OF AUBURN, and UMASS<br>MEMORIAL MEDICAL GROUP, INC.<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NON-PARTY WORCESTER INTERNAL MEDICINE, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS EMERGENCY MOTION FOR PROTECTIVE ORDER AS TO THE PLAINTIFF'S 30(B)(6) DEPOSITION NOTICE

NOW COMES non-party entity, Worcester Internal Medicine, Inc. (hereinafter "WIM"),

through counsel, and hereby respectfully requests that this Honorable Court issue a protective

order as to the plaintiff's 30(b)(6) Deposition Notice, preventing that deposition from taking

place on Wednesday, January 16, 2019 at 10:00 a.m., so that counsel may be provided a

reasonable amount of time to meet with its client and challenge the plaintiff's subpoena if

appropriate under the circumstances. As reasons therefore, WIM states the following:

## I.    FACTS

This is a medical malpractice matter in which the plaintiff claims that the above-named

defendants are liable or vicariously liable for alleged negligence in their treatment of the

plaintiff, Karen Prouty. Dr. Thippanna, Dr. Nedelescu, and Carolyn Parker, APRN, were

employees of WIM at the time of the alleged negligence. The plaintiff filed her Complaint in this matter on or about September 14, 2017. The Discovery deadline in this matter is currently set for January 18, 2019. To date, numerous depositions have already taken place, including those of the plaintiff, her daughter, her son, and the defendants, Idanis Berrios Morales, M.D., Ramakrishna Thippanna, M.D., and Bogdan Nedelescu, M.D.

On Wednesday, January 9, 2019, at 3:01 p.m., plaintiff's counsel emailed to undersigned counsel a copy of a Notice of Taking Deposition of Worcester Internal Medicine, Inc., which included a Schedule A and Schedule B. *See* Exhibit A. WIM is not a party to this case. Undersigned counsel did not represent WIM at the time the deposition notice was e-mailed by plaintiff's counsel. The Deposition Notice scheduled the deposition for Wednesday, January 16, 2019 at 10:00 a.m., providing four (4) business days between the date of the plaintiff's e-mail and the scheduled deposition date. *See id.* Undersigned counsel was not provided documentation that WIM had been served with the deposition subpoena despite plaintiff's reference to the entity's registered agent in a cover letter. *See id.*

On Friday, January 11, 2019, undersigned counsel (Thomas Dolan) sent a letter to plaintiff's counsel (Frederic and Ingrid Halstrom) advising them that undersigned counsel did not yet represent WIM and that a 30(b)(6) witness could therefore not be produced on WIM's behalf on the scheduled deposition date. *See* Exhibit B. Undersigned counsel asked that the deposition notice be withdrawn. *See id.* Plaintiff's counsel did not respond.

On Monday, January 14, 2019, undersigned counsel was retained to respond to plaintiff's deposition subpoena on behalf of WIM. Undersigned counsel (Thomas Dolan) sent another letter to plaintiff's counsel on January 14, 2019 advising them of this representation. *See* Exhibit C. Undersigned counsel indicated that he would accept service of the previously e-mailed

Deposition Notice and again stated that a 30(b)(6) witness could not be produced on the scheduled deposition date of January 16, 2019. *See id.* Undersigned counsel requested that the deposition notice be withdrawn. *See id.* Plaintiff's counsel did not respond on January 14, 2019. That afternoon, this Court scheduled a hearing on defendant, UMass Memorial Medical Group's Emergency Motion for Protective Order for 11:00 a.m. on January 16, 2019.

On Tuesday, January 15, 2019 at 8:31 a.m., this Court granted UMass Memorial Medical Group's Emergency Motion for Protective Order and instructed the parties to appear at the hearing scheduled for January 16, 2019. At 9:25 a.m., plaintiff's counsel e-mailed undersigned counsel declining to withdraw the deposition subpoena of WIM. *See* Exhibit D. Undersigned counsel (Thomas Dolan and Sean Capplis) were out of the office on an unrelated matter until 4:30 p.m. and began drafting this Emergency Motion immediately upon their return to the office. Undersigned counsel (Thomas Dolan) spoke with plaintiff's counsel (Ingrid Halstrom) by telephone and advised her that this motion would be forthcoming and that no witness could be produced for deposition tomorrow.

The Deposition Notice calls for WIM to designate one or more officers, directors, managing agents or other persons to testify on its behalf about a broad range of topics set forth in Schedule A. *See* Exhibit A. The Deposition Notice calls for WIM to produce a broad range of documents concerning topics set forth in Schedule B. *See id.* WIM now respectfully requests that this Honorable Court issue a Protective Order as to the plaintiff's 30(b)(6) Deposition Notice so that undersigned counsel may be afforded a reasonable amount of time to meet with its client and challenge the plaintiff's subpoena if appropriate under the circumstances.

## II.    ARGUMENT

This Court has "broad discretion to manage discovery matters." *Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41 (1st Cir. 2003). Upon a showing of good cause, a court may issue a protective order limiting or preventing discovery. Fed. R. Civ. P. 26(c)(1). In doing so, the court must "balance the burden of proposed discovery against the likely benefit." *Gill v. Gulfstream Park Racing Ass'n*, 399 F.3d 391, 400 (1st Cir. 2005); *Mass. Delivery Ass'n v. Coakley*, No. 10-11521, 2013 U.S. Dist. LEXIS 139254, *4-5 (D. Mass. Sept. 26, 2013), reversed on other grounds, 769 F.3d 11 (1st Cir. 2014); *see also Accusoft Corp. v. Quest Diagnostics, Inc.*, No. 12-40007, 2012 U.S. Dist. LEXIS 54216, *29-30 (D. Mass. April 12, 2012); *Fiske v. Meyou Health, Inc.*, No. 13-10478, 2014 U.S. Dist. LEXIS 84172, *27-28 (D. Mass. June 20, 2014) ("both Rule 26 and Rule 45 permit the Court to limit discovery when it is unduly burdensome or cumulative").

### a.  The Deposition Notice Provided Unreasonably Short Notice for a Rule 30(b)(6) deposition of WIM

The plaintiff's Deposition Notice provided unreasonable written notice to WIM and is therefore unduly burdensome. "A party who wants to depose a person by oral questions must give reasonable written notice to every other party…" Fed. R. Civ. P. 30(b)(1). Here, plaintiff's counsel provided unreasonably short notice to WIM of a Rule 30(b)(6) deposition. Plaintiff's counsel's served the Deposition Notice on undersigned counsel via email at the end of the business day on January 9, 2019 at a time when undersigned counsel did not represent WIM and lacked the authority to act on the entity's behalf. Undersigned counsel therefore lacked the authority to investigate, designate, and prepare any deponent for the broad range of topics listed in Schedule A and investigate, redact, and produce documents responsive to the broad range of topics listed in Schedule B. Even if Attorneys Dolan and Capplis had been authorized to begin

4

this process, a mere four (4) business days' notice for a 30(b)(6) deposition is manifestly an unreasonable amount of time to properly designate and prepare witnesses for deposition. As this Court is aware, there is an affirmative duty on counsel to adequately prepare and educate a designee as to topics and documents listed in a party's deposition subpoena should a corporate designee be produced to testify.

Undersigned counsel was not retained to represent WIM until Monday, January 14, 2019, leaving counsel with only two (2) business days to respond to the subpoena, days on which undersigned counsel would understandably have previously scheduled events pending on unrelated legal matters. Undersigned counsel hoped that plaintiff's counsel would understand the undue burden caused by their Deposition Notice and that the Court's allowance of UMass' similar motion would prompt plaintiff's counsel to agree to withdraw the subpoena, thereby obviating the need for this emergency motion, but this was not the case.

Furthermore, the plaintiff has had ample time to notice a 30(b)(6) deposition of WIM. This case was filed by the plaintiff on September 14, 2017. Plaintiff filed her Offer of Proof for the Medical Malpractice Tribunal on or about June 29, 2018. Written discovery was subsequently exchanged, which included the defendants' *curriculum vitaes* and insurance declaration information, indicating that Dr. Nedelescu, Dr. Thippanna, and Carolyn Parker, APRN, were employees of WIM during the relevant time frame.

It is unfair for plaintiff's counsel to wait until the eve of the discovery deadline to notice this deposition and then use the discovery deadline as a basis to refuse a reasonably and timely requested postponement. Simply put, it is unreasonable and unrealistic to expect WIM to designate and prepare deponent(s) in such a short period of time, or alternatively, to file a motion seeking to challenge or limit the plaintiff's subpoena and attached schedules.

**b.** **Counsel for WIM Will Not Be Able to Designate and Prepare Any 30(b)(6) Designee for a Deposition on January 16, 2019**

Counsel for WIM have not been provided sufficient opportunity to (1) challenge the plaintiff's subpoena, (2) investigate, designate and prepare any witnesses for deposition, or (3) produce any documents responsive to Schedule B. As a matter of professional courtesy, plaintiff's counsel was timely notified of the status of WIM's representation. Plaintiff's counsel was then contacted again to notify them that undersigned counsel had been granted authority to represent WIM. Plaintiff's counsel declined to withdraw the Deposition Notice citing the pending discovery deadline of January 18, 2019. If plaintiff's counsel is so concerned with the approaching discovery deadline, then this deposition should have been noticed months ago, with adequate notice given to WIM.

Furthermore, the topics listed in the plaintiff's Schedule A and Schedule B are unrelated to the medical care that was provided to Ms. Prouty at any of the medical institutions involved in this case during the relevant time frame. WIM is a non-party witness and the plaintiff never received medical treatment at WIM.

Again, it is unfair for the plaintiff to wait until the eve of the discovery deadline to give WIM a matter of days to produce one or more 30(b)(6) deponents. Further demonstrating the timing issues caused by this Deposition Notice is the fact that this Court subsequently scheduled a hearing in Worcester at 11:00 a.m. on January 16, 2019 which coincides with the plaintiff's chosen start time (10:00 a.m.) for WIM's 30(b)(6) deposition in Boston, MA. Plaintiff's counsel made no effort to contact undersigned counsel to discuss mutually convenient dates prior to e-mailing the Deposition Notice. Plaintiff's counsel made no effort to appeal to the Court for an extension of the tracking order or discovery deadline before noticing six (6) new depositions in a

matter of days. Refusing to postpone the deposition in light of the lack of reasonable time provided to respond to this Deposition Notice is professionally discourteous and unjustified.

## III.   CONCLUSION

WHEREFORE, for the foregoing reasons, the non-party entity, Worcester Internal Medicine, Inc., respectfully moves this Honorable Court to issue a Protective Order relieving it from having to appear for a Rule 30(b)(6) deposition on Wednesday, January 16, 2019.

## REQUEST FOR ORAL ARGUMENT

Non-party, Worcester Internal Medicine, Inc., hereby requests an oral argument in this matter pursuant to Local Rule 7.1(d).

Worcester Internal Medicine, Inc.
By its attorneys,
**CAPPLIS, CONNORS & CARROLL, PC**


/s/ Thomas M. Dolan, III
SEAN E. CAPPLIS
B.B.O. #634740
THOMAS M. DOLAN III
B.B.O. #683042
18 Tremont Street, Suite 330
Boston, MA 02108
T: (617) 227-0722
F: (617) 227-0772
scapplis@ccclaw.org
tdolan@ccclaw.org

## CERTIFICATE OF SERVICE

I, Thomas M. Dolan, III, hereby certify that the above document, filed through the CM/ECF system, will be sent electronically to the registered participants, as identified on the Notice of Electronic Filing on this 15th day of January, 2019.

Ingrid A. Halstrom, Esq.
Halstrom Law Offices, P.C.
P.O. Box 121203
Lafayette Station
Boston, MA 02112

Joan Vorster, Esq.
Mirick, O'Connell, DeMallie & Lougee
100 Front Street
Worcester, MA 01608

Jenni E. Kogan, Esq.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA 02114

Sheri L. Pizzi, Esq.
Greg Vanden-Eykel, Esq.
Barton Gilman, LLP
160 Federal Street
Boston, MA 02110

/s/ Thomas M. Dolan, III
SEAN E. CAPPLIS
B.B.O. #634740
THOMAS M. DOLAN III
B.B.O. #683042
18 Tremont Street, Suite 330
Boston, MA 02108
T: (617) 227-0722
F: (617) 227-0772
scapplis@ccclaw.org
tdolan@ccclaw.org