UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAREN PROUTY,<br><br>    Plaintiff,<br><br>v.<br><br>RAMAKRISHNA THIPPANNA, M.D., BOGDON NEDELESCU, M.D. IDANIS BERRIOS MORALES, M.D., JOHNNY S. SALEMEH, JOHN/JANE DOE, PERSONAL REPRESENTATIVE OF THE ESTATE OF CAROLYN PARKER, R.N., FAIRLAWN MEDICAL INVESTORS, LLC, d/b/a LIFE CARE CENTER OF AUBURN, AND UMASS MEMORIAL MEDICAL GROUP, INC.,<br><br>    Defendants. | CIVIL ACTION<br><br>NO. 4:17-cv-40126-TSH |

## ORDER

**January 18, 2019**

Hennessy, M.J.

    Before the Court are UMass Memorial Medical Group, Inc.'s ("UMMMG") Motion to Compel Plaintiff to Respond to Discovery Requests and Produce Documents (Dkt. no. 65), Plaintiff's Emergency Motion to Compel Non-Party UMass Memorial Medical Center ("UMMMC") to Comply with Subpoena (Dkt. no. 67), UMMMG's Emergency Motion for Protective Order as to Plaintiff's 30(b)(6) Deposition Notice (Dkt. no. 71), Auburn Medical Investors, LLC d/b/a Life Care Center of Auburn ("LCA") Emergency Motion for Protective Order (Dkt. no. 77), and Non-Party Worcester Internal Medicine, Inc.'s ("WIM") Emergency

Motion for Protective Order as to the Plaintiff's 30(b)(6) Deposition Notice (Dkt. no. 80). These discovery motions were referred to me by Judge Hillman. Dkt. nos. 69, 73, 79, 85. I heard argument and ruled from the bench on these motions on Wednesday, January 16, 2019. This order is meant to memorialize the rulings I made. I review each motion in turn.

I. <u>UMass Memorial Medical Group, Inc.'s Motion to Compel Plaintiff to Respond to Discovery Requests and Produce Documents (Dkt. no. 65)</u>

The Court reviewed the parties' written submissions and heard argument on UMMMG's Motion to Compel Plaintiff to Respond to Discovery Requests and Produce Documents. Dkt. no. 65. The Court allows UMMMG's motion and orders Plaintiff to respond to UMMMG's requests pursuant to Fed. R. Civ. P. 33 and 34 for the time period of October 2009 to the present, with the exception of protected information. If non-protected or other responsive information is withheld, then in accordance with Fed.R.Civ.P. 34(b)(2)(C), Plaintiff shall identified such withheld matter and the basis for withholding it. Plaintiff is ordered to respond to UMMMG's requests by January 25, 2019.

II. <u>Plaintiff's Emergency Motion to Compel Non-Party UMass Memorial Medical Center to Comply with Subpoena (Dkt. no. 67)</u>

The Court reviewed the parties' written submissions and heard argument on Plaintiff's Emergency Motion to Compel Non-Party UMMMC to Comply with Subpoena. <u>See</u> Dkt. no. 67. The Court agrees with UMMMC that Plaintiff failed to provide UMMMC with a reasonable time to comply with the subpoena. <u>See</u> Fed.R.Civ.P. 45((d)(3)(i). The Court reviewed each request individually. The following memorializes the Court's disposition of each demand in Appendix A to the subpoena:

**Demands 1 and 2** – UMMMC agrees to provide responsive information shortly.

**Demand 3** – The Court denies Plaintiff's motion to compel. Based upon the representations of counsel that materials responsive to Demand 2 will enable Plaintiff to interpret any codes, the information sought by Demand 3 is duplicative.

**Demand 4** – The Court denies Plaintiff's motion to compel as to Demand 4 because it is duplicative of information sought in Demand 1.

**Demand 5** – The Court allows Plaintiff's motion to compel as to Demand 5 with the limitation that personal addresses are not to be provided. The Court orders production of these responsive materials by January 30, 2019.

III. <u>UMass Memorial Medical Group, Inc.'s Emergency Motion for Protective Order as to Plaintiff's 30(b)(6) Deposition Notice (Dkt. no. 71)</u>

The Court reviewed the parties' written submissions and heard argument concerning UMMMG's Emergency Motion for Protective Order as to Plaintiff's 30(b)(6) Deposition Notice. Dkt. no. 71. UMMMG challenges both the noticing of the deposition and the scope of the matters identified in Schedule A to the Notice of Deposition. Id. In particular, UMMMG challenges a series of topics listed in Schedule A of Plaintiff's notice of deposition which propose examining the deponent on Dr. Salameh's thought process both as a medical care provider to Plaintiff and as a hypothetical litigant in this lawsuit.[1] As Dr. Salameh's former employer, the Court orders UMMMG to contact Dr. Salameh and ask him questions to enable the deponent to respond to the matters identified in Schedule A, subject to the modifications noted. See <u>Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co., Inc.</u>, 201 F.R.D. 33, 36-37 (D. Mass. 2001). If UMMMG is unable to reach Dr. Salameh, or if Dr. Salameh has no memory of his treatment of Plaintiff and no response to the matters identified in Schedule A, UMMMG shall notify both the Court and Plaintiff. The Court reviewed the substance of the matters identified in

---

[1] Dr. Salameh is a former employee of UMMMG who treated Plaintiff. Dr. Salameh has since left his employment at UMMMG and is believed to have relocated to Lebanon. He was originally named as a Defendant in this case, but was not served and has therefore been dismissed. UMMMG reports no contact with Dr. Salameh since he left employment.

3

Schedule A individually. The following memorializes the Court's disposition of each matter identified in Schedule A to the Notice of Deposition:

**Paragraphs 1(a) – (c)** – The Court denies UMMMG's motion for a protective order and orders UMMMG to respond by providing all responsive personnel files and CVs.

**Paragraphs 1(d) & (e)** – The Court denies UMMMG's motion for a protective order and directs UMMMG to contact Dr. Salameh and convey at the deposition any responsive information provided by Dr. Salameh.

**Paragraph 1(f)** – UMMMG does not object to paragraph 1(f).

**Paragraph 1(g)** - The Court allows UMMMG's motion for a protective order. Any responsive information involves speculation by Dr. Salameh.

**Paragraph 1(h)** - The Court allows UMMMG's motion for a protective order. Any responsive information involves speculation by Dr. Salameh.

**Paragraph 1(i)** – UMMMG agrees to inquire of Dr. Salameh and to produce or convey at the deposition responsive records and information.

**Paragraphs 1(j) – (o)** – The Court denies UMMMG's motion for a protective order and directs UMMMG to contact Dr. Salameh and convey at the deposition any responsive information provided by Dr. Salameh.

**Paragraph 1(p)** – The Court denies UMMMG's motion for a protective order and directs UMMMG to contact Dr. Salameh and to review the medical records and convey at the deposition any responsive information provided by Dr. Salameh or reflected in the records.

**Paragraphs 1(q) – (z)** – The Court denies UMMMG's motion for a protective order and directs UMMMG to contact Dr. Salameh and convey at the deposition any responsive information provided by Dr. Salameh.

**Paragraph 2** – The Court grants UMMMG's motion for a protective order.

**Paragraph 3** – The Court grants UMMMG's motion for a protective order for any privileged materials. The Court directs UMMMG to contact Dr. Salameh and to review its own records and convey at the deposition any responsive non-privileged information provided by Dr. Salameh and its own records.

Insofar as the Court has allowed inquiry into matters contained in or pertaining to the records of UMMMG, Counsel for UMMMG has agreed to communicate such relevant requests to UMMMG by January 23, 2019. The Court orders the parties to file a joint memo on the status of UMMMG's efforts to contact Dr. Salameh and his recollection of events by February 1, 2019.

IV.  Auburn Medical Investors, LLC d/b/a Life Care Center of Auburn Emergency Motion for Protective Order (Dkt. no. 77)

The Court reviewed the parties' written submissions and heard argument as to LCA's Emergency Motion for Protective Order. Dkt. no. 77. LCA objects to the noticing, the location, and the scope of the matters identified in Schedule A to the Notice of Deposition. Id. The Court finds that in light of LCA's late production of documents – described as some 700 pages of documents served electronically on January 4, 2019 – the 30(b)(6) notice was reasonable. By agreement of the parties, the Court allows LCA's motion to move the deposition to a location in Worcester. The Court reviewed the substance of the matters identified in Schedule A individually. The following memorializes the Court's disposition of each matter identified in Schedule A to the Notice of Deposition:

**Paragraph 1** – The Court denies LCA's motion for a protective order as to billing/invoicing practices followed in calendar year 2014, and otherwise allows LCA's motion.

**Paragraph 2** – LCA denies the existence of any such contracts. The Court allows questioning on this matter only as to contracts or agreements operative in calendar year 2014.

**Paragraph 3** – The Court denies LCA's motion for a protective order as to questions about the protocol or process of assigning Worcester Internal Medicine employees to the care of Plaintiff, and otherwise allows LCA's motion.

**Paragraph 4** – The Court denies LCA's motion for a protective order as to questions about the billing protocol to CMMS for services provided to Plaintiff, and otherwise allows LCA's motion.

**Paragraph 5** – The Court denies LCA's motion for a protective order as to questions concerning statistical data LCA may maintain regarding the number, type, staging, and location of pressure ulcers from six months before Plaintiff's care at LCA began to six months after Plaintiff's care at LCA concluded. LCA is not required to examine individual patient/resident files for responsive information.

**Paragraph 6** – The Court allows LCA's motion for a protective order. Paragraph 6 seeks to inquire into information that is irrelevant to the complaint.

**Paragraph 7** – The Court denies LCA's motion for a protective order as to annual reports prepared for calendar year 2014 and 2015, and any specific citations issued, complaints made, or violations found during the time period from six months before Plaintiff's care at

LCA began to six months after Plaintiff's care at LCA concluded. The inquiry is further limited to matters of concern in this case which Plaintiff shall identify for LCA prior to the scheduled 30(b)(6) deposition.

**Paragraph 8** – The Court allows LCA's motion for a protective order. Paragraph 8 seeks to inquire into information that is duplicative of information sought in Paragraph 2.

**Paragraph 9** – The Court denies LCA's motion for a protective order as to the policies that were in effect during Plaintiff's stay at LCA and specific to the health care providers who cared for Plaintiff.

**Paragraph 10** – The Court denies LCA's motion for a protective order as to questions regarding complaints about the types of services that LCA provided to Plaintiff and only for the time period from six months before Plaintiff's care at LCA began to six months after Plaintiff's care at LCA concluded. Plaintiff shall identify for LCA prior to the deposition the types of services or matters of concern about which it seeks to inquire.

The Court orders that the 30(b)(6) deposition be taken in Worcester on or before February 1, 2019.

V.   <u>Non-Party Worcester Internal Medicine, Inc.'s Emergency Motion for Protective Order as to the Plaintiff's 30(b)(6) Deposition Notice (Dkt. no. 80)</u>

The Court reviewed the parties' written submissions and heard argument on WIM's Emergency Motion for Protective Order as to the Plaintiff's 30(b)(6) Deposition Notice. (Dkt. no. 80). The motion sought an extension of time to prepare for Plaintiff's noticed 30(b)(6) deposition. <u>Id.</u> The Court grant's WIM's motion for a postponement of the deposition. It shall be taken on or before February 1, 2019. At the hearing, WIM moved the Court to review the substance of the matters identified for deposition (Schedule A) and the documents to be produced in connection with such deposition (Schedule B). The following memorializes the Court's disposition of each matter identified in Schedule A and Schedule B to the Notice of Deposition:

**Schedule A**

**Paragraph 1** – The Court denies WIM's motion for a protective order. However, the Court allows questioning on this matter only as to contracts or agreements operative in calendar year 2014 and otherwise allows WIM's motion for protective order.

**Paragraph 2** – The Court denies WIM's motion for a protective order as to questions about the protocol or process of assigning WIM employees to the care of Plaintiff, and otherwise allows WIM's motion.

**Paragraph 3** – The Court denies WIM's motion for a protective order as to questions about the protocol or process of creating an on-call schedule and being on-call during the time Plaintiff was at LCA, and otherwise allows WIM's motion.

**Paragraph 4** – The Court denies WIM's motion for a protective order as to questions regarding any authorization, contract, agreement, policy, or practice in effect at LCA during the time period from six-months before Plaintiff's care at LCA began to six-months after Plaintiff's care at LCA concluded, and otherwise allows WIM's motion.

**Paragraph 5** – The Court denies WIM's motion for a protective order as to questions regarding any authorization, contract, agreement, policy, or practice in effect at LCA during the time period from six-months before Plaintiff's care at LCA began to six-months after Plaintiff's care at LCA concluded, and otherwise allows WIM's motion.

**Paragraph 6** – The Court denies WIM's motion for a protective order as to questions concerning billing by WIM for services its employees provided to Plaintiff, and otherwise allows WIM's motion.

**Paragraph 7** – The Court denies WIM's motion for a protective order.

**Paragraph 8** – The Court allows WIM's motion for a protective order. The questions seek information that is duplicative.

**Paragraph 9** – The Court allows WIM's motion for a protective order. The questions seek information that is not relevant.

**Schedule B**

**Paragraph 1** – The Court denies WIM's motion for a protective order and orders WIM to comply with Fed. R. Civ. P. 34.

**Paragraph 2** – The Court denies WIM's motion for a protective order but limits production to those documents that form the basis of responses to the allowed inquiries in Schedule A.

**Paragraph 3** – The Court denies WIM's motion for protective order but limits the production to only those schedules applicable to the dates during which Plaintiff was at LCA and to only WIM-employed health care providers who were either at LCA or on-call for LCA.

**Paragraph 4** – The Court denies WIM's motion for protective order.

**Paragraph 5** – The Court denies WIM's motion for protective order as to contracts, agreements, or understandings operative in calendar year 2014, and otherwise allows WIM's motion.

**Paragraph 6** – The Court allows WIM's motion for protective order. The responsive documents are not relevant to the complaint in this case.

VI.    <u>Conclusion</u>

Pursuant to the motions discussed above, the Court is permitting limited, continued discovery past the discovery deadline. However, the Court cautions that neither this permission nor any information newly-found during this extension of discovery is to be used as the basis or reason to seek an extension of any other deadline (e.g. the deadline for designation of expert witnesses, the deadline for the filing of dispositive motions) set by Judge Hillman.

The Court GRANTS UMMMG's Motion to Compel Plaintiff to Respond to Discovery Requests and Produce Documents. Dkt. no. 65.

The Court GRANTS IN PART AND DENIES IN PART Plaintiff's Emergency Motion to Compel Non-Party UMMMC's Motion to Comply with Subpoena; UMMMG's Emergency Motion for Protective Order as to Plaintiff's 30(b)(6) Deposition Notice; and LCA's Emergency Motion for Protective Order. Dkt. nos. 67, 71, 77.

The Court GRANTS Non-Party WIM's Emergency Motion for Protective Order as to the Plaintiff's 30(b)(6) Deposition Notice as it concerns WIM's request for an extension of time. Dkt. no. 80. The Court GRANTS IN PART AND DENIES IN PART WIM's motion for protective order pertaining to substantive matters as was raised at the hearing.

                                                  /s/ David H. Hennessy
                                                  David H. Hennessy
                                                  United States Magistrate Judge